**Zhang LIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 05–1040–AG.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondent.

Present DENNIS JACOBS, Chief Judge, JOHN M. WALKER, JR. and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Zhang Liu, a native of the People's Republic of China, petitions for review of a February 11, 2005 decision of the Board of Immigration Appeals ("BIA") summarily affirming the October 27, 2003 decision of Immigration Judge ("IJ") Sarah M. Burr denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Zhang Liu, No. A79 682 823 (Immig. Ct. New York, N.Y. Oct. 27, 2003), aff'd No. A79 682 823 (BIA Feb. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). The Court reviews IJ's application of the legal principles to particular facts de novo, see Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003), and reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). See Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

On appeal, Liu has not argued the merits of the IJ's denial of withholding of removal and CAT relief before this Court. We therefore deem such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Liu testified before the IJ that he worked in China on the construction of a school; that he discovered that the construction boss was using shoddy material so that he could split the cost difference with the local village chief, who was the boss' brother-in-law; that Liu posted fliers to expose the abuse; that the construction boss retaliated by falsely reporting to the police that Liu had stolen construction materials from the site; and that Liu fled,

having been warned the police were planning to arrest him for the alleged theft.

The IJ found Liu's testimony credible, but decided that Liu's asylum claim failed because his allegations of persecution lacked a sufficient nexus to a protected ground because there was no indication that the construction boss was seeking anything other than private revenge for Liu's exposure of the corrupt scheme.

In certain circumstances, retaliation for opposing government corruption might constitute persecution on account of political opinion. *Yueqing Zhang*, 426 F.3d at 547–48. The inquiry turns on whether the applicant's actions were "directed toward a governing institution, or only against individuals whose conduct was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Id.* at 548(internal quotation marks omitted).

The IJ here specifically found that Liu's public criticism addressed a single corrupt scheme; and that insofar as the village official was complicit in the false accusations, he appeared to be shielding his brother-in-law or protecting his own profit from the scheme, rather than generally suppressing a challenge to the governing regime.

These findings were supported by substantial evidence, notably Liu's own account of events. Because we do not disturb the finding of the IJ that there existed no nexus to a protected ground, we need not decide whether Liu suffered treatment severe enough to constitute past persecution.

For the reasons set forth above, the petition is hereby **DENIED**.